# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**LOPEZ F. HIGH,**
                **Plaintiff**

                                            **Civil Action Number**
**v.**                                            **3:01CV401-J**

**MARK FUCHS, et al.,**
                **Defendant**

## MEMORANDUM OPINION

This case presents plaintiff's claim that he was discriminated against on grounds of his race with respect to two traffic stops and the ensuing investigations. The matter is before the Court on motion of defendants Carcara, Sims, Wood, Pope, Reed and Spratt for summary judgment on grounds of the bar of the statute of limitations. These defendants also move for an order protecting them from deposition as parties.

The time line of events is as follows:

| | |
|---|---|
| July 2000 – | The two traffic stops occurred. |
| August 2000 – | Conclusion of investigations of High's complaints. |
| July 2001 – | Complaint against County and the officers involved in the stops. |
| September 2001 – | Discovery limited to qualified immunity |
| September 2002 – | District Court dismissed claims against County |
| September 2002 – | District Court denied qualified immunity |
| September 2003 – | Sixth Circuit upheld qualified immunity ruling |
| November 2003 – | Magistrate conferences failed to yield settlement |
| March 2003 – | Rule 26 disclosures |
| June 2004 – | Motion to reconsider and to add officials involved in investigations |
| September 2004 – | District Court allowed claim against County. |
| September 2004 – | Amended Complaint permitted after defendants failed to object |

The moving defendants contend that there was nothing to prevent plaintiff from

1

discovering their involvement in the investigations, and that he should not be permitted to name them for the first time almost three years after the expiration of the limitations period. Plaintiff points out that between September of 2001 and November of 2003, he was unable to pursue discovery that would have revealed the involvement of the additional defendants. He asserts that it was not until the Rule 26 disclosures and the taking of depositions that he was in a position to identify all of the proper defendants.

The Court's September 2002 opinion is clear: The County was dismissed because a plaintiff is not permitted to proceed against a governmental entity (or against supervisory officials on a respondeat superior theory) without pointing to evidence that could suggest a *departmental policy*. The Court's September 2004 opinion is equally clear: Reinstating the claim against the County was appropriate because the plaintiff had uncovered evidence that could suggest a *departmental policy*. The amended complaint, however, is based on the argument that the newly uncovered evidence established a conspiracy, and that the new defendants were conspirators. This is a new theory, a new cause of action, and it is asserted against new defendants. There is no basis for an argument that the moving defendants should have been on notice that the plaintiff intended to sue them. There is clearly no basis for application of any "relation back" theory. Fed.R.Civ.Pro. 15 ( c).

Neither does the record support plaintiff's arguments that the identities and roles of these defendants was somehow concealed. In July of 2000, Sgt. High had a long telephone conversation with David Wood concerning the investigation. In the conversation, Wood mentioned Janice Reed as one of the investigators. After the second traffic incident, High called Reed directly to initiate an investigation. The letters indicating the results of the investigations

was sent by William Carcara, and in each of those letters, Chief Carcara invited High to contact him if he had questions about the investigation; however, neither High nor his attorney at the time, Mr. Clay, contacted the Chief or otherwise inquired any further concerning the investigations. There is nothing of record to support the claim of concealment of the identities and roles of the moving defendants.

In addition, the Court agrees that to the extent that the claim against Dennis Sims, the County's legal representative in the proceeding against High, is not based on the same conspiracy theory, it is barred as an attempt to reinstate the "malicious prosecution" claim which the Court has twice rejected.

As the claims against Carcara, Sims, Wood, Pope, Reed and Spratt are time-barred, an order has this day entered granting their motion for summary judgment. A protective order is appropriate only to the extent that as they are no longer defendants, they are subject to discovery only as non-parties. With respect to Dennis Sims, however, who was legal counsel for defendants at the time, an order protecting him from any discovery is appropriate.